IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOLIDAY HOSPITALITY
FRANCHISING, INC.,

   Plaintiff,

    v.

174 WEST STREET
CORPORATION, d/b/a THE
O'CALLAGHAN HOTEL
ANNAPOLIS, d/b/a PERSIAN
PROPERTIES, LTD.,

   Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-1419-TWT

ORDER

This is a breach of contract action. The Court has ruled in favor of the Plaintiff on its claims for breach of the franchise agreement. At the Court's request, the Plaintiff has filed a proposed judgment. The Defendants have now filed several objections, which the Court discusses below.

I. DISCUSSION

A. Franchise Fees

The Plaintiff originally proposed that the Defendants owed a total of $45,115.71 for past due franchise and system fees. The Defendants dispute this amount for two

reasons. First, they claim that this amount is overstated because it includes $4,625.78 in fees that became due after the contract was breached in September 2002. They cite to the Plaintiff's October 2003 spreadsheet, which shows this amount becoming due after that date. As the Plaintiff explained in its response, however, this amount was for system fees that the Defendants owed "for September 2002 before they breached, not for anything that occurred after Defendants disconnected from Holidex and withdrew from the Holiday Inn System." (Pl.'s Resp., at 2-3.) The Defendants' claim is thus without merit.

The Defendants next contest $7,837.09 from this total, representing the finance charges for the months of June 2002 through September 2003. Of this amount, $1,187.10 constituted interest that the Defendants accumulated prior to September 24, 2002 (the date that the franchise was terminated) because they failed to pay any amounts for franchise fees while operating as a Holiday Inn. (Pl.'s Resp. to Defs.' Obj., at 3.) As explained by the Georgia Court of Appeals:

> A transaction which calls for the payment of the principal at a certain time and payment of interest at certain fixed times during the period that the principal is to run is a valid transaction. The interest may be paid annually, semi-annually, quarterly, or monthly, or in even lesser periods, if the parties see fit so to contract; *and the failure to pay any interest which is past due under such stipulation would render such past due indebtedness a liquidated demand, which would itself bear interest.*

Dearing & Dearing Enterprises, Inc. v. A.R. III, Inc., 205 Ga. App. 386, 387 (1992) (citations and punctuation omitted).  The Defendants are thus liable for these finance charges as part of the franchise fee total.  The remainder of this total was comprised of interest that accrued after the breach and is thus not part of the franchise and systems fees total.  After subtracting that sum from the Plaintiff's originally proposed total, the Defendants owe $38,465.72.

    B. Pre-Judgment Interest

        1. Franchise Fees

Under the paragraph titled "Licensee's Responsibilities," the Licensing Agreement states that "[i]f any amounts are not paid when due, such non-payment shall constitute a breach of this License and in addition, such unpaid amounts will accrue interest beginning on the first day of the month following the due date at 1½% per month or the maximum interest permitted by applicable law, whichever is less." (Defs.' Ex. 94, ¶ 3.C(5).)  The Defendants contend that because the license agreement does not expressly provide for a compounding of this interest, the 1½% rate must be calculated as simple interest only.  See Grant v. Fourth Nat. Bank of Columbus, 229 Ga. 855, 862 (1972) (holding that without contractual language providing for compound interest, simple interest shall apply); Bryant v. Kenerly, 238 Ga. App. 153 (1999) ("[I]n the absence of a contrary agreement, no such interest on interest may be

awarded where the interest installments mature after the principal itself has fallen due."). The Court finds, however, that Paragraph 3.5(C) provides for the compounding of interest, as it states that "any amounts" not paid when due shall accrue interest. The Defendants are ordered to pay 1½% interest per month on $38,465.72 for the period from September 24, 2002 through July 19, 2006.

### 2. Liquidated Damages

The Plaintiff contends that this same interest rate should be applied to determine the prejudgment interest on the liquidated damages. However, Paragraph 3.5(C) clearly applies only to any amounts owed for payment of licensing fees. Liquidated damages, by contrast, are discussed in Paragraph 12 of the Licensing Agreement under the heading "Termination." The Court finds nothing in the contract stipulating that the 1½% interest rate will apply throughout the contract. Thus, pursuant to O.C.G.A. § 7-4-2, a 7% simple interest rate applies to the liquidated damages.

## II. CONCLUSION

For the reasons set forth above, the Plaintiff shall recover from the Defendants, jointly and severally, as follows:

1. Thirty-Eight Thousand, Four Hundred Sixty-Five and 72/100 Dollars ($38,465.72) in outstanding franchise and other system fees;

2. Thirty-Seven Thousand, Six Hundred Twenty-Three and 16/100 Dollars ($37,623.16) in prejudgment interest on the outstanding franchise and other system fees at the rate of 1½% per month as set forth in Paragraph 3.C(5) of the License Agreement and pursuant to O.C.G.A. §13-6-13;

3. Six Hundred Twelve Thousand, Eight Hundred Eleven and 08/100 Dollars ($612,811.08) in liquidated damages;

4. One Hundred Sixty-Three Thousand, One Hundred Twenty-Five and 27/100 Dollars ($163,125.27) in prejudgment interest on the liquidated damages at the 7% rate pursuant to O.C.G.A. § 7-4-2 from September 24, 2002, through July 19, 2006;

5. Eighty-Five Thousand, Two Hundred Twenty-Seven and 52/100 Dollars ($85,227.52) in attorney's fees calculated on the principal and interest pursuant to Paragraph 14J of the License Agreement and O.C.G.A. §13-1-11;

6. Fourteen Thousand, Seven Hundred Seventy-Five and 42/100 Dollars ($14,775.42) in expenses of litigation and costs pursuant to Paragraph 14J of the License Agreement, Fed. R. Civ. P. 54(D)(1) and 28 U.S.C. § 1920, as supported by the Bill of Costs.

The total judgment is Nine Hundred Fifty-Two Thousand, Twenty-Eight and 17/100 Dollars ($952,028.17).  Interest shall run on this amount at the legal rate from the date of entry of the judgment pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to enter a Final Judgment consistent with this Order.

SO ORDERED, this 31 day of August, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge